WILHELMINA MEYER v. JOSEPHINE CLAUS AND XAVIER MEYER.

Where a party to whom interrogatories are propounded files answers thereto, the answers cannot be disregarded merely because they do not cover all the points made in the interrogatories, but the interrogatories are to be taken as confessed as to the points so left unanswered.

It would seem that a wife who has never in fact resided in this State, cannot impeach a sale by the husband alone, on the ground that it was the husband's homestead, and by construction of law her homestead also.

Appeal from Bexar.   It appeared from the testimony that Meyer and his wife were living together at the date of the suit and trial, in the house which fell to Meyer in the division between him and the defendant; and the property in controversy in this suit was the house which fell to the defendant, in said division.

*I. A. & G. W. Paschal,* for appellant.

LIPSCOMB, J. This suit was brought by the appellant, the wife of Xavier Meyer, to set aside certain conveyances made by her husband to the defendant, alleged to have been made with a fraudulent intent to defraud her, the wife, of her community rights, and her homestead right in a certain lot and house in the city of San Antonio, and to be restored to the possession and enjoyment thereof. The statement of facts shows the evidence to have been somewhat contradictory, but is believed fully to establish the following : That Meyer, the husband, left his wife in Germany, and came to San Antonio in 1846, or 1847 ; that a partnership was formed between him and the defendant in keeping a boarding house, and a bar for the retail of liquors ; that in 1847, Meyer purchased a house and lot, and built thereon a new house adjoining the old one, but a separate tenement, being divided by a wall, and each having a separate kitchen ; that the funds were supplied by the firm, if not principally by the money of the defendant ; that a settlement of the concern took place in 1850, before the arrival of Meyer's wife, the appellant, in which it was agreed that the lot should be divided, and a valuation was agreed upon of each portion ; the one on which the old house was situated was valued at eight hundred dollars, and the one on which was the new house at eleven hundred, and it was agreed that it should be determined by lot, which should be the property of the respective parties, and that the one who drew the new house should pay to the other the difference in the value of the two parts. The new house fell to the defendant, Josephine Claus, and at the same time a settlement of the difference was made, and Meyer rented from the defendant her house for one year. It was in evidence that the copartnership had continued two years or thereabout ; that during that time Meyer, the defendant Josephine and her mother all lived together, and that the two latter contributed largely by their services in conducting the affairs of the establishment, and that Meyer had often declared that he was much indebted to Josephine for starting

him in business ; that without her means, he did not know how
he could have made a start. It was in evidence, that during
the time that they lived together, an illicit intercourse was
carried on between Meyer and the defendant, and that two
children were the issue of that intercourse, one of whom is still
living, and acknowledged by Meyer to be his child. There
was a verdict for the defendant and judgment, a motion for a
new trial, which was overruled, and plaintiff appealed.

It is alleged that the Court below erred in overruling the
motion for a new trial. We do not propose noticing but one
ground assigned for a new trial, and that is that the verdict
was contrary to evidence. We have before said that there was
some conflict in the evidence. It was not, however, as much
as frequently occurs in cases where the Court has not felt
authorised to set the verdict aside. The evidence was not as
conflicting as might reasonably have been expected, between
such parties, and it certainly greatly preponderated in favor
of the defendant, and if she had introduced no oral evidence,
the evidence of the plaintiff would have sustained the verdict
of the jury.

The charge of the Court to the jury is assigned for error.
The charges were all asked by the plaintff, and were given
with slight modifications by the Court. The first modification
was in relation to the answers of the defendant to interroga-
tories propounded, that if not fully answered they were to be
taken against her, which was given, with the modification that
her answers were not to be disregarded so far as they were
responsive to the questions. The correctness of this modifica-
tion of the charge cannot be doubted. The other charges of
the Court cannot be objected to by the appellant, and if there
was error it was not to the prejudice of the plaintiff, but in her
favor. The first instruction given by the Court is, " if the jury
" believe from the evidence, that. Xavier Meyer had built a
" house on the lot and was living in it at the time of the sale
" to Josephine Claus, the same became the homestead and

" could not have been alienated without the consent of Xavier " Meyer's wife, and such sale is null in law, if it was partner- " ship property." In this charge, if there is error, it consists in its being too favorable to the plaintiff. As a general rule, the domicil of the husband is to be regarded as the domicil of the wife, but this rule cannot be regarded as admitting of no exception, and it is certainly not so clear but that this case would require an exception. If the husband can come here from a foreign country, acquire a home, and remain years, and his wife remaining in that foreign country and allow her home-stead right to attach, to the exclusion of rights of others, it would open a door for a great deal of fraud. It is not necessary, in this case, to decide how far the rule should have been qualified, but it is certain that the Court did not err against the plaintiff. We find no error in the record and judgment and it is therefore affirmed.

Judgment affirmed.